Matienzo v. Morales et al.

Appeal from the District Court of San Juan.

No. 569.—Decided June 18, 1910.

Natural Children—Action for Acknowledgment—Sufficiency of Complaint.—Where in a complaint an action for the acknowledgment of an inheritance is brought by a natural child who does not allege that he was acknowledged in any solemn or authentic manner, the complaint must be held not to state facts sufficient to constitute a cause of action, and if there has been no solemn or authentic acknowledgment, plaintiff must first bring an action for filiation and then he may demand his share of the inheritance.

The facts are stated in the opinion.

Mr. Eduardo Cautiño for appellant.

The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the court.

Agustina Matienzo filed a complaint in the District Court of San Juan wherein she set forth that in 1869, Biviana Soriano and José Matienzo, each unmarried and with no legal obstacle in the way of their marriage, had sexual relations and that as a result of these relations the complainant was born and that she was baptized as the natural child of Biviana Soriano; that a short time after birth of complainant her natural father treated her as having the condition and status as a natural child and supported her and paid her expenses giving Biviana Soriano a sum of money for this purpose; that later, always treating the daughter as such natural child, he took her into his house; that from the time she was very small the complainant has possessed the character of natural child of José Matienzo who, before all the members of his family and his friends, called the complainant his daughter and showed that she was such and that his intention was to make a more express acknowledgment in a public document. The complaint set forth other similar aver-

ments and, furthermore, that her father married Candelaria Morales Ferrer who also acknowledged the complainant as the natural child of José Matienzo. That her said father died in 1890 leaving a will and three legitimate children; that her said father, according to her information, did not mention her in his said will. Then the complaint described the property that José Matienzo left and prays that the defendants, the widow and legitimate children of José Matienzo, be required to recognize the share of the complainant in the inheritance of their father.

There was a demurrer filed which set up, among other things, that the complaint did not set forth a cause of action and that the action had prescribed. We think the first ground is well taken because it is not shown that her said father had ever acknowledged her in the solemn manner required by the law. (Decisions of this court in the case of *Gual* v. *Bonafoux* [15 P. R. Rep., 545], rendered June 25, 1909, and *Puente* v. *Puente* [16 P. R. Rep., 556], decided June 18, 1910.) This being so it was first necessary for her to bring an action of filiation, it being conceded and the complaint showing that the action brought was for acknowledgment of inheritance solely and not for such filiation. Under these circumstances the demurrer was well taken and the judgment must be affirmed.

*Affirmed.*


Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.